IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| VELMA TOWNSEND, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 3:12cv0045 |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS AMENDED COMPLAINT**

Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Association ("Fannie Mae"), and Samuel I. White, P.C. ("SIWPC") (collectively the "Defendants") by and through counsel, and in support of their Motion to Dismiss the Amended Complaint filed by Plaintiffs, Velma Townsend and Landon Townsend ("Plaintiffs" or "Townsends"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), states as follows:

### I.  PROCEDURAL HISTORY

The Plaintiffs commenced this action with the filing of a Complaint in the County of Fluvanna Circuit Court (the "State Court") on July 3, 2012. On August 29, 2012, the Defendants timely removed the case to this Court. The Defendants filed their motion to dismiss the original Complaint and accompanying memorandum in September 6, 2012. The Plaintiffs filed their Amended Complaint in September 26, 2012.

## II.     PRELIMINARY STATEMENT/FACTUAL BACKGROUND

The Plaintiffs' Amended Complaint is an improper attempt to "undo" a proper foreclosure on their real property by alleging unsupported claims for breach of contract, breach of the Fair Debt Collection Practices Act and quiet title. Their claims allegedly arise out of a mortgage loan transaction entered into between the Plaintiffs and American Home Mortgage on May 17, 2007 for property known as 4514 West River Road, Scottsville, Virginia (the "Property") (Am. Compl. ¶ 5.) A Note and Deed of Trust were executed in connection with the loan transaction. (Id. at ¶¶ 7-8, Ex. A and B.) American Home Mortgage assigned the Note to Wells Fargo. (Id. at ¶ 9.)

In can be inferred from the Amended Complaint that the Plaintiffs at some point fell into arrears on loan payments and defaulted on their mortgage. (Am. Comp. ¶¶ 13-15, Ex. C, D and E.) In response to the Plaintiffs' default, Wells Fargo sent the Plaintiffs two letters, one on July 17, 2011 and the other on August 22, 2011 (the "Acceleration Notices")(Am. Compl., Ex. C and D.) A foreclosure sale was conducted on November 10, 2011. (Id. ¶ 27.) Fannie Mae subsequently acquired the Property. (Id. ¶¶ 28-29, Ex. E.)

Plaintiffs further claim that Acceleration Notices provided by Wells Fargo were not proper and did not comply with the Deed of Trust. (Id. at ¶ 13-17, Ex. C and D). Plaintiffs allege that Wells Fargo has the practice of sending letters that do not comply with the terms of its deed of trust because such notices required payment of the amount due on the first day on the next month and do not advise the borrower that they "could file a court action." (Id.)

The Plaintiffs' allegations consist of broad generalizations and legal conclusions that are both factually inaccurate and lack any facts to support a cognizable cause of action against the

Defendants. Accordingly, the Amended Complaint should be dismissed with prejudice in its entity.

### III. ARGUMENT

The Court should dismiss the Plaintiffs' Amended Complaint because none of the counts properly allege a claim upon which relief can be granted. In addition, the Plaintiffs fail to allege that they complied with Section 20 ("Notice of Grievance") prior to filing suit. To the extent they are alleging a breach of the terms of the Note and Deed of Trust against Fannie Mae, those claims fail as a matter of law because Fannie Mae is not a party to either agreement.

The Plaintiffs' breach of contract claim (Count I) fails because the Acceleration Notices sent by the lender, Wells Fargo, were proper and complied with the requirements of the Note and Deed of Trust. The Plaintiffs' Count II – Breach of Contract Incorporating the Fair Debt Collection Practices Act ("FDCPA") – fails as a matter of law because the FDCPA is not incorporated by reference in to the Note or Deed of Trust. The Plaintiffs' Count III fails to state a claim for any violation of the FDCPA. Lastly, the Plaintiffs' claim for quiet title fails because they have not demonstrated superior title to the property.

#### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal when the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint … and a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1994). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations ... to raise a right to relief above the speculative level." Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003); see also Lord v. W.V.R.J., 7:20cv226, 2011 WL 1869997 (W.D.Va., May 12, 2011).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. A pleading comprised of no more than conclusions should be dismissed.

**B.** **The Plaintiffs failed to satisfy a condition precedent before filing suit; therefore, Counts I and II must be dismissed.**

Plaintiffs failed to demonstrate that they gave proper notice prior to filing this action and did not provide a reasonable period after giving notice for Wells Fargo to take corrective action, in violation of the Deed of Trust. Therefore, Counts I and II of the Amended Complaint are barred because they did not comply with the notice provision in Section 20 of the Deed of Trust, which provides as follows:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either and individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period that must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and

4

>   the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

(Am. Compl. Ex. B, § 20)(emphasis added).

The Amended Complaint does not allege that Plaintiffs provided written notice to Wells Fargo prior to instituting this lawsuit. By failing to provide notice to Wells Fargo – which did not have reasonable time during which to cure any alleged violations of the law – Plaintiffs have failed to satisfy a condition precedent to filing this lawsuit. Other courts have dismissed claims like Plaintiffs' here solely for this reason recently. See Johnson v. Countrywide Home Loans, Inc., No. 1:10-cv-1018, 2010 U.S. Dist LEXIS 131112, at *5-7 (E.D. Va. Dec. 10, 2010) (dismissing complaint against a substitute trustee because plaintiff did not provide notice in accordance with the deed of trust); Niyaz v. Bank of Am., No. 1:10cv796, 2011 U.S. Dist. LEXIS 156, at *5 (E.D. Va. Jan. 3, 2011)(dismissing complaint with loan originator, the current owner of the debt obligation, the servicer of the loan, and the substitute trustee because all of the plaintiff's allegations "arise from action taken pursuant to the Deed of Trust") aff'd, 442 F. App'x 838 (4th Cir. 2011). In the case at hand, the claims alleged in Counts I and II arise from action taken under the Deed of Trust, and obligations purportedly arising under the Deed of Trust that Wells Fargo did properly effect. Further, the notice provision in the Deed of Trust is exactly the same as the notice provision in Johnson and Niyaz, therefore dismissal is warranted.

**C.** **The Plaintiffs' Count I claim for "Breach of the Note" and "Breach of Deed of Trust" fails to state a claim upon which relief can be granted.**

The Court can dismiss the Plaintiffs' breach of contract claims because the Acceleration Notices comply with the notice requirements of both the Note and Deed of Trust. The Plaintiffs bases their claims on a contention that Wells Fargo breached the Deed of Trust by failing to provide Plaintiff with the proper 30-day cure notice (i.e. Acceleration Notices) provided in

5

paragraph 22 of the Deed of Trust. (Am. Compl. ¶ 14, 16.) They claim that the Acceleration Notices were improper because: (a) Wells Fargo inflated the amount owed and "required payment of an amount not yet overdue" and, (b) that Wells Fargo did not specifically, with language *verbatim* to the Deed of Trust, inform the Plaintiffs of "their right to bring a court action to assert the non-existence of a default or any other defense of [b]orrower to acceleration" of the loan. (Id.)

The Amended Complaint recites the applicable provisions of both the Note and the Deed of Trust, which requires the lender to give the borrower notice prior to acceleration after a default.

Section 6(C) of the Note states:

If I am in default, the Note Holder may send me written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest I owe on that amount. The date must be 30 days after the date on which the notice is mailed to me or delivered by other means." (Id. at Ex. A).

Section 22 of the Deed of Trust states that:

Lender shall give notice to the Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument… The notice shall specify (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to the Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the rights to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. (Id. at Ex. B).

As a threshold matter, the Plaintiffs fail to allege that they received no notice or that they were prepared to cure the default. Rather, they claim that "Wells Fargo never sent a <u>proper</u> notice as required by paragraph 6(c) of the Note and of paragraph 22 of the Deed of Trust. (Am.

Compl. ¶ 17)(emphasis added). In fact, a review of the Acceleration Notices reveal that Wells Fargo provided the Plaintiffs with notice of their default, the action needed to take to cure the default, the fact that they had 30 days within which to make the outstanding payment due, and notice that if they failed to timely and properly cure the default, the amount they owed could be accelerated. The Acceleration Notices also informed the Plaintiffs that "any additional monthly payments … that may be due … after the date of this notice must also be paid" (Am. Compl., Ex. C, D). The Plaintiffs next monthly mortgage payment would be due before the 30 day cure period ended, as was the specified course of conduct under the terms of the Note. They were permitted to reinstate the loan after acceleration, and were further entitled to "argue that they had kept their promises" under the Note and Deed of Trust and "to present any other defenses that [he] may have." (Id.)

### 1. The Deed of Trust and Note permitted Wells Fargo to both demand cure of the default within 30 days and payment of any additional regular monthly payment required by the Note before the deadline to cure expired.

The Plaintiffs' allegation that inclusion of the required payment of the amount due on the first of the next month (Am. Compl. ¶ 14, 16) in the Acceleration Notices is somehow a breach of the Note of Deed of Trust is not well founded in law, and is a theory that has already been rejected by Virginia courts. In dismissing a factually identical claim, the U.S. District Court for the Eastern District of Virginia ruled in Matanic v. Wells Fargo that "[r]equiring submission of the next regular payment in order to cure default does not breach the agreement between the parties…. The requirement to tender [the next month's payment] was not a breach of the Note because it was a reminder that paying the amount required to cure the default does not relieve the [borrower] of paying the regularly scheduled payment due before the cure period ends." Matanic, Case No. 3:12cv472 [Dkt. 21, p. 8)](E.D.Va., Sept. 19, 2012); see also, Estrella v. Wells Fargo,

Case No. 2:11cv414, 2011 U.S. Dist. LEXIS 148778, *10 (E.D.Va., Dec. 28, 2011). In another similar case, the Circuit Court for the County of Goochland reviewed a borrower's claims that he had less than 30 days to cure the default when his regularly scheduled monthly payment was due less than 30 days from the date of the Default Letter. Billups v. U.S. Bank, Case No. CL09-124 (Goochland County Cir. Court, July 17, 2009)(cert. denied, Appeal No. 092450); see also, Billups v. U.S. Bank, Case No. CL09-97 (Goochland County Cir. Court, July 17, 2009)(cert. denied, Appeal No. 092450). The Goochland Circuit Court held that acceleration notice complied with the provisions of the deed of trust, section 22 of which was identical to Section 22 of the Plaintiffs' Deed of Trust. The court further found that the acceleration notice complied with all other requirements in the deed of trust concerning acceleration, and ruled in favor of U.S. Bank. Accordingly, Plaintiffs' breach of contract claim set forth in Count I must be dismissed.

    **2.    The Acceleration Notices provided sufficient notice to Plaintiffs of their right to challenge both the acceleration of their loan and the foreclosure.**

The Plaintiffs allege that Wells Fargo was required to inform them that they had a "right to assert in a court action any defense to acceleration and foreclosure," but that Wells Fargo, "in drafting cure notices required by deeds of trust … provides less than what is required by its deeds of trust." (Am. Compl. ¶¶ 14, 16.) Such arguments have been rejected by other courts reviewing similar default letters. In Matanic v. Wells Fargo, the U.S. District Court for the Eastern District of Virginia found that the language cited by the Plaintiffs complied with the Deed of Trust (Case No. 3:12cv472 [Dkt. 21, p. 9])(E.D.Va., Sept. 19, 2012). It relied on the holding in the factually similar case of Cole v. GMAC Mortgage, LLC, in which the same court held that this language "provides [p]laintiffs with reasonable notice regarding the right to assert a legal defense despite the absence of the words 'to bring a court action'" materially complies with

8

the deed of trust and is sufficient under state law. Cole, No. 1:10cv848, 2011 U.S. Dist. LEXIS 101606, at *7 (E.D. Va. Sept. 7, 2011)(emphasis added). The court was not persuaded by arguments identical to those propounded by the Plaintiffs, and that "GMAC's failure to include this exact language is of no consequence, [and] any deficiency in that regard is immaterial (Id.) A more recent Eastern District (Va.) case is also illustrative. In Abrahams v. U.S. Bank, N.A., the court dismissed identical claims made by Mr. Abrahams, where he claimed that language used in an acceleration letter that was not *verbatim* to the deed of trust was a breach of the same. (See Order, Case No. 1:12cv453, Dkt. No. 19 (E.D.Va., July 30, 2012)).

This Court should dismiss Count I for the same reasons recited in Matanic, Cole and Abrahams. On its face, the Acceleration Notices received by the Plaintiffs illustrate that Wells Fargo complied with the notice requirements under the Note and Deed of Trust.

**D.     The Court should dismiss Counts II and III because the Plaintiffs have not stated facially plausible claims for Breach of the Deed of Trust and Quiet Title based upon alleged violations of the FDCPA.**

Plaintiffs' contend that Wells Fargo and SIWPC violated the terms of the Deed of Trust by failing to follow "applicable law," in this case the Fair Debt Collections Practice Act ("FDCPA"), by scheduling the foreclosure sale without first investigating the dispute raised by the Plaintiffs with regard to notice of debt attached to the Amended Complaint as Exhibit F. (Compl. ¶¶ 37-60, and Ex. F.) Plaintiffs conclude that the FDCPA is "applicable laws" to be followed by Wells Fargo per the terms of the Deed of Trust. (Id. ¶¶ 40-41.) However, this argument fails because: (a) Wells Fargo is not a debt collector under the FDCPA, (b) the FDCPA is not incorporated into the Deed of Trust; (c) the Plaintiffs have failed to identify any provision of the FDCPA that was violated by SIWPC; and (d) foreclosing on the property is not an attempt to collect a debt but rather to secure collateral for the Plaintiffs' default on the underlying loan.

### 1. Wells Fargo is not a debt collector under the FDCPA.

The Court should dismiss Count II because Wells Fargo is not a "debt collector" under the FDCPA. The FDCPA defines a "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). When a lender has only been "a person 'to whom a debt is owed' with respect to [a note], it follows that absent one of several narrow exceptions … [the lender] cannot be a debt collector with respect to the [n]ote." Bradford v. HSBC Mortg. Corp., 829 F. Supp. 2d 340, 348 (E.D. Va. 2011)(citing FTC v. Check Investors, 502 F.3d 159, 173 (3d Cir. 2007) ("[A]s to a specific debt, one cannot be both a 'creditor' and a 'debt collector,' as defined in the FDCPA, because those terms are mutually exclusive."). In addition, a creditor cannot incur vicarious liability for FDCPA violations by an independent debt collector that acts on the creditor;s behalf. See Washington v. CitiMortgage, Inc., No. 3:10cv887, 2011 U.S. Dist. LEXIS 52105, 2011 WL 1871228, at *13 (E.D. Va. May 16, 2011) (citing cases).

The Plaintiffs claim that Exhibit F, a letter sent by SIWPC, violated the FDCPA. Any involvement Wells Fargo might have had in sending debt-collection communications to the Plaintiffs is immaterial because Wells Fargo cannot be helf vicariously liable under the FDCPA. Further, Wells Fargo is not a "debt collector" under the FDCPA, and falls within the so-called creditor exemption of the FDCPA, under which the statutory definition of "debt collector" generally excludes creditors. 15 U.S.C. §§ 1692a(6)(A)&(F). Bradford, 829 F. Supp. 2d at 348. As such, Counts II and III should be dismissed.

2. **Plaintiffs' Amended Complaint incorrectly attempts to incorporate the FDCPA into the Deed of Trust, and the FDCPA is not an "applicable law" under the terms of the Deed of Trust.**

The Court can further dismiss Count II because the FDCPA is not incorporated into the Deed of Trust. The language of the Deed of Trust does not clearly express the intent to incorporate the FDCPA into its provisions. A deed of trust is construed as a contract under Virginia law, see, e.g., Virginia Hous. Dec. Auth. v. Fox Run Ltd. P'shp., 255 Va. 356, 365, 497 S.E.2d 747, 753 (1990), and the Supreme Court of Virginia "consider[s] the words of [a] contract within the four corners of the instrument itself." Uniwest Constr., Inc. v. Amtech Elevator Servs., 280 Va. 428, 440, 699 S.E.2d 223, 220 (2010) (quoting Eure v. Norfolk Shipbuilding & Drydock Corp., 263 Va. 624, 631, 561 S.E.2d 663, 667 (2002)). "It is construed as written, without adding terms that were not included by the parties. When the terms in a contract are clear and unambiguous, the contract is construed according to its plain meaning. Words that the parties used are normally given their usual, ordinary, and popular meaning. No word or clause in the contract will be treated as meaningless if a reasonable meaning can be given to it, and there is a presumption that the parties have not used words needlessly." Id.

In addition, "courts construe narrowly the phrase 'all applicable law' or similar language in a contract.'" See Condel v. Bank of Am., Civil Action No. 3:12cv212, 2012 U.S. Dist. LEXIS 93206, at *22-23 (E.D. Va. Jul. 5, 2012) (citation omitted). Taken in its plain ordinary meaning, the FDCPA is not a body of law that applies directly to the Deed of Trust in question. In fact, the lender under a Deed of Trust is not even subject to the FDCPA, as it does not meet the definition of a debt collector under the FDCPA –because it is not collecting the debt for another person. 15 U.S.C. § 1692a.

There is no express intent of the parties that the rights of acceleration and foreclosure do not accrue under the Deed of Trust unless the lender and/or its agents are in compliance with the FDCPA. Further, there is no language in the Deed of Trust that clearly incorporates the FDCPA into its provisions. Therefore, the Deed of Trust does not expressly withhold authorization to accelerate or foreclose in compliance with the FDCPA. Plaintiffs' theory stretches the bounds of reason in this claim by arguing basically, that the Deed of Trust incorporates all federal law into the Deed of Trust. The reference to applicable law in the Deed of Trust is insufficient to incorporate the FDCPA to prevent the lender from foreclosing without complying with its provisions. Accordingly, the Plaintiffs' quiet title and breach of contract claims set forth in Counts II and III fail to the extent they are based on violations of the FDCPA because the FDCPA is not incorporated into the Deed of Trust.

> **3. Plaintiffs have not identified any specific FDCPA requirement for the Court to review and therefore, Counts II and III fail to meet the <u>Iqbal</u> and <u>Twombly</u> pleading standard.**

Counts II and III can further be dismissed because the Plaintiffs have not identified in the Amended Complaint the specific FDCPA requirement that SIWPC, allegedly acting as agent for Wells Fargo, purportedly breached. Plaintiffs allege in a conclusory manner that "Wells Fargo could not foreclose in breach of the terms of any federal statute and therefore could not foreclose in breach of the terms of the Fair Debt Collections Practice Act, 15 U.S.C. Section 1692, <u>et. seq</u>." (Compl. ¶ 34.) However, Plaintiffs fail to identify by any means the provision of the FDCPA that allegedly governed and prevented foreclosure in this instance. Plaintiffs' conclusory allegation that they are relying on "the terms of the FDCPA" – without identifying the specific provision of the FDCPA - is entitled to no deference. See <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679

(2009) ("conclusory nature of [the plaintiff's] allegations . . . disentitles them to the presumption of truth.")

Further, to the extent the Plaintiffs are relying on the thirty day verification period set forth in 15 U.S.C. § 1692g, as the provision that purportedly prevented SIWPC and Wells Fargo from foreclosing on the Property, the theory is misplaced.  The only substantive rights afforded to the debtor by section 1692g are that upon request, the debt collector must (1) obtain verification of the debt or a copy of a judgment against the consumer and mail a copy of such verification or judgment to the consumer; and (2) upon the consumer's written request, provide the consumer with the name, and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692. The plain language of the statute, therefore, does not impose a moratorium on action.  In fact, the Federal Trade Commission issued an opinion that stated, in pertinent part:

> [a]n attorney debt collector may take legal action within 30 days of sending the required validation notice, regardless of whether the consumer disputes the debt; if the consumer disputes the debt, the attorney may still take legal action but must cease other collection efforts (e.g., letters or calls to the consumer) until verification is obtained and mailed to the consumer.

53 Fed. Reg. 50097-50110 (Dec. 13, 1988).  In addition, the 7th Circuit Court of Appeals has held that the "debt collector is perfectly free to sue within thirty days; he just must cease his efforts at <u>collection</u> during the interval between being asked for verification of the debt and mailing the verification to the debtor.  <u>Bartlett v. Heibl</u>, 128 F.3d 497, 501 (7th Cir. 1997).  It follows that the lender and trustee are free to commence a foreclosure during the thirty day period.

In addition, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." <u>Veney v. Wyche</u>, 293

F.3d 726, 730 (4th Cir. 2002). The Plaintiffs allege in wholly conclusory fashion that "on behalf of the Townsends, a response was sent in writing to Exhibit F within 30 days of receipt thereof disputing Exhibit F. White, as agent for Wells Fargo, received that response …within such 30 days and before November 10, 2012." November 10, 2012 is some **400 days** after Exhibit F was sent to Plaintiffs. The Plaintiffs fail to attach the alleged "dispute," and further cannot claim that SIWPC received this purported response. Accordingly, the Plaintiffs' quiet title and breach of contract claims set forth in Counts III and III fail because the Plaintiffs have not alleged and adequate claim under the FDCPA.

    **4.    SIWPC, in serving in its fiduciary capacity as trustee, is statutorily exempt from being deemed a debt collector under the FDCPA.**

Counts II and III fail for the additional reason that SIWPC is not a debt collector under the FDCPA. The prevailing rule in the Fourth Circuit suggests that trustees under a deed of trust such as SIWPC are exempt from being deemed a debt collector under the FDCPA. In Horvath v. Bank of New York, the court emphasized that "[m]ortgage servicing companies and trustees exercising their fiduciary duties enjoy broad statutory exemptions from liability under the FDCPA." Horvath, Civil Action No. 1:09-cv-01129, 2010 U.S. Dist. LEXIS 19965, at *9, E.D. Va. Jan. 29, 2010) (citing 15 U.S.C. § 1692a(6)(f)(i)), aff'd, 641 F.3d 617 (4th Cir. 2011). ("The term [debt collector] does not include any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement")). See Scott v. Wells Fargo Home Mortg. Inc., 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) (emphasis added), aff'd, 67 F. App'x 238 (4th Cir. 2003); ("[T]he law is well-settled . . . that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.") (emphasis in original); Bolouri v. Bank of Am., No. 1:10cv225, 2010 U.S. Dist. LEXIS 87170 (E.D. Va. Aug. 24, 2010), at *17, aff'd, 442 F. App'x 816 (4th Cir. 2011);

14

("[S]everal courts have held that an enforcer of a security interest, such as a [mortgage company] foreclosing on mortgages of real property . . . falls outside the ambit of the FDCPA. . .")). Accordingly, pursuant to recent precedent SIWPC is not a debt collector under the FDCPA.

Moreover, foreclosing on a deed of trust is distinct from collection on the obligation to pay money. "The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed in an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interests in the property. Hulse v. Ocwen Fed. Bank, 195 F. Supp.2d 1188, 1204 (D.Or. 2002). Further, the fact that SIWPC identified itself as debt collector – out of an abundance of caution – to protect itself from potential liability is not an admission that SIWPC, is, in fact, a debt collector under the FDCPA. Accordingly, Counts II and III should be dismissed with prejudice because SIWPC is not a debt collector as defined by the FDCPA.

**E.     Plaintiffs' claim for Quiet Title in Count II fails as a matter of law.**

While the Plaintiffs repeatedly demand that title to the Property be quieted, they fail to actually state a claim for the same. In Virginia, "an action to quiet title is based on the premise that a person with good title to certain real or personal property should not be subjected to various future claims against that title." State of Maine v. Adams, 277 Va. 230, 238, 672 S.E.2d 862, 866 (2009). A plaintiff asserting a claim for an order quieting title in Virginia must assert that he has rights superior to others asserting an interest in the property. Gallant v. Deutsche Bank Nat'l Trust Co., 766 F. Supp. 2d 714, 719 (W.D. Va. 2011), see also CitiMortgage, Inc., 5:11CV032, 2011 WL 5866230 (W.D. Va. Nov. 21, 2011). In Gallant, this Court dismissed the plaintiff's quiet title action because the complaint contained no facts supporting the plaintiff's claim to superior title. 766 F. Supp. 2d at 721. In challenging a foreclosure, the Plaintiff must

also plead that he has satisfied the underlying obligations of the note and deed of trust. Matanic, Case No. 3:12cv472 [Dkt. 21, p. 9)](E.D.Va., Sept. 19, 2012); see also Tapia v. U.S. Bank, 718 F. Supp. 2d 689 (E.D. Va. 2010), aff'd, 441 F. App'x 166 (4th Cir. 2011). In both Matanic and Tapia, the plaintiffs' quiet title claim was dismissed because they failed alleged that they had fully satisfied their obligations under the note, or that their debt was otherwise cancelled or forgiven. 718 F. Supp. 2d at 700.

In the instant matter, Plaintiffs' Complaint likewise asserts a right to quiet title in "a wholly conclusory fashion. The Plaintiffs have pled no facts that might demonstrate that they have superior title to the Property. From the foregoing, it is clear that like the Tapia plaintiffs, Plaintiffs have failed to make allegations that would allow them to go forward with a quiet title claim. For instance, Plaintiffs make no factual showing that the Note has been satisfied and the Deed of Trust no longer encumbers the Property. In fact, the Complaint makes clear that the Plaintiffs defaulted on their obligation under the Note and Deed of Trust. (Compl. ¶ 13.) They simply do not assert that they have satisfied the obligations that they admit to having entered into, and therefore fail to allege a superior interest in the Property. Accordingly, to the extent Plaintiffs are asserting a claim for quiet title it should be dismissed with prejudice.

## IV. CONCLUSION

For the reasons stated above, the Court should dismiss the Amended Complaint as to the Defendants with prejudice.

WHEREFORE, Defendants respectfully requests that the Court enter an order: (1) granting their Motion to Dismiss; (2) dismissing the Amended Complaint with prejudice; (3) awarding Defendants their fees and costs, including attorneys' fees incurred herein, and (4) awarding such further and other relief as this Court deems appropriate.

**FEDERAL NATIONAL MORTGAGE ASSOC.,
WELLS FARGO BANK, N.A.
and SAMUEL I. WHITE, P.C.**


    /s/    Terry C. Frank
           Of Counsel


Hunter W. Sims, Jr., Esquire (VSB No. 09218)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Phone: (757) 624-3000
Fax:    (757) 624-3169
Email: hwsims@kaufcan.com

Terry C. Frank (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219-4058
Phone: (804) 771-5745
Fax: (804) 771-5700
Email: tcfrank@kaufcan.com
*Counsel for Defendants Fannie Mae,
Wells Fargo and SIWPC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this October 10, 2012, a true copy of the foregoing is being filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Henry W. McLaughlin, Esq.
> Drew D. Sarrett, Esq.
> The Law Office of Henry McLaughlin, P.C.
> Eighth and Main Building
> 707 East Main Street, Ste. 1375
> Richmond, VA 23219
> *Counsel for Plaintiffs*

                                              /s/   Terry C. Frank
                                    Terry C. Frank (VSB No. 74890)
                                    KAUFMAN & CANOLES, P.C.
                                    Two James Center
                                    1021 East Cary Street, Suite 1400
                                    Richmond, VA 23219-4058
                                    Phone:  (804) 771-5745
                                    Fax:  (804) 771-5700
                                    Email:  tcfrank@kaufcan.com

*11977326*