IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| **VELMA TOWNSEND,** *et al.* | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| vs. | )   **Civil Action No.: 3:12cv0045** |
| | ) |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** *et al.,* | ) |
| | ) |
|     **Defendants.** | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE LATE RESPONSIVE PLEADING

NOW COMES the Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Assoc. ("Fannie Mae") and Samuel I. White, P.C. ("SIWPC," collectively "Defendants"), by and through counsel, pursuant to Rule 55 of the Federal Rules of Civil Procedure, and file this Motion for Leave to File Late Answer to the Amended Complaint filed by the Plaintiffs, Velma Townsend and Landon Townsend (the "Plaintiffs"), and state as follows:

### I.    Preliminary Statement and Procedural History

1. The Plaintiffs commenced this action with the filing of a Complaint in Fluvanna County Circuit Court ("State Court") on July 3, 2012.

2. On August 29, 2012, the Defendants removed the case to this Court, and simultaneously filed a Motion to Dismiss and supporting Memorandum. [Dkt. 5 and 7].

3. After obtaining an extension of time, the Plaintiffs filed their Amended Complaint on September 26, 2012, [Dkt. 14] and filed a Memorandum in Opposition to Motion to Dismiss on the same day [Dkt. 15].

1

4.     The Defendants moved to dismiss the Amended Complaint on October 10, 2012, and simultaneously filed their Memorandum in Support the same day. [Dkt 17 and 18.] After obtaining an extension of time to response, the Plaintiffs' filed their brief in Opposition on November 7, 2012. [Dkt. 24]. After obtaining an extension of time to respond, the Defendants' filed their Rebuttal Memorandum in Support of Motion to Dismiss Amended Complaint on November 15, 2012 [Dkt. 27].

5.     The Court entered a Memorandum Opinion and Order on February 12, 2013 [Dkt. 30 and 31] granting Defendants' motion to dismiss Counts One and Two of the Amended Complaint with respect to all Defendants. Count Three was also dismissed with response to Defendants Federal National Mortgage Association and Wells Fargo Bank, N.A. However, Defendants' motion to dismiss Count Three was denied with respect to Defendant Samuel I. White, P.C. Further, Defendants' prior Motion to Dismiss Plaintiffs' original Complaint was denied as moot.

6.     Defendants were to file an Answer to the Amended Complaint as to Count One on or before February 26, 2013.

## II.     Argument

The Court should grant the Defendants' Motion for Leave to File a Late Answer for a four very important reasons. First and foremost, the Plaintiffs consent to this Motion. Defendants' counsel alerted Plaintiffs on March 7, 2013 that she had failed to file an Answer (see Frank Declaration, attached as **Exhibit A**), and Plaintiffs immediately agreed to Defendants' filing a late answer. Secondly, the Plaintiffs have not moved this Court for entry of default or default judgment. Even if they had, default judgment is appropriate and shall enter only when "a defendant has failed to plead or otherwise defend [an] action." Music City Music v. Alfa Foods,
2

Ltd. 616 F.Supp. 1001, 1002 (E.D.Va. 1985). Cleary that is not the case here. Only through inadvertence of Defendants' counsel, no answer was filed. Indeed, the Defendants succeeded at narrowing the issues for trial when the Court granted Defendants' motion to dismiss Counts One and Two of the Amended Complaint with respect to all Defendants. Count Three was also dismissed with response to Defendants Federal National Mortgage Association and Wells Fargo Bank, N.A. The only claim that remains is Count Three as it applies to SIWPC (See Order February 12, 2013, Dkt. 31].

Thirdly (and keeping in mind the Plaintiffs have not moved for entry of default) "[g]enerally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense." Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249, 251 (4th Cir. 1967). Again, the Plaintiffs have not moved for entry of default of default judgment despite their attorney's awareness of the fact. This motion and accompanying brief were filed as soon as she was able check the docket and alert and confer with the Plaintiffs. The Defendants have acted as swiftly as possible given the circumstances, and do have a meritorious defense. See Frank Declaration.

Lastly, the Court should permit the Defendants to file an Answer because the Defendants will suffer extreme prejudice if they are not permitted to do so, while the Plaintiffs will obtain a windfall. They have been on notice of the Defendants' positions with regard to the Plaintiffs' claims from the onset of this case. The Defendants have briefed the issues in this case multiple times in their memorandums in support of both the motions to dismiss (the Complaint and the Amended Complaint). "Matters involving [substantial] sums should not be determined by default judgments if it can reasonably be avoided and this is particularly true where there appear to be real issue of fact between the parties on the solution of which recovery depends." Henry v.

3

Metropolitan Life Ins. Co., 3 F.R.D. 142, 144 (W.D.Va.1942).  Indeed, the Plaintiffs are seeking quiet title to the Plaintiffs' title to ownership of the home, compensatory damages, and this case should be tried on the merits.

### III.	Conclusion

WHEREFORE, Defendants respectfully request that the Court, for good cause shown, grant their motion for leave to file a late responsive pleading to the Amended Complaint, a copy of which is attached as **Exhibit B.**

                                            WELLS FARGO, FEDERAL NATIONAL MORTGAGE ASSOC. and SAMUEL I. WHITE, P.C.

                                            */s/ Terry C. Frank*
By Counsel
Hunter W. Sims, Jr., Esquire (VSB No. 09218)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia  23510
Phone:  (757) 624-3000
Fax:     (757) 624-3169
Email: hwsims@kaufcan.com

Terry C. Frank, Esq.  (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 E. Cary St., 14th Floor
Richmond, VA 23219
Phone: (804) 771-5700
Fax: (804) 771-5777
Email: tcfrank@kaufcan.com
*Counsel for Defendants Wells Fargo,
Fannie Mae and SIWPC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of March, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Henry W. McLaughlin, Esq.
Law Office of Henry McLaughlin, P.C.
Eight and Main Building
707 E. Main Street, Suite 1375
Richmond, VA 23219
henry@mclaughlinvalaw.com

    /s/ Terry C. Frank
Terry C. Frank, Esq. (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 E. Cary St., 14th Floor
Richmond, VA 23219
Phone: (804) 771-5700
Fax: (804) 771-5777
Email: tcfrank@kaufcan.com
*Counsel for Defendants Wells Fargo, Fannie Mae and SIWPC*

12252435

5