IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| VELMA TOWNSEND, *et al.* | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Civil Action No.: 3:12cv0045 |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, *et al.*, | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER and AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Association ("Fannie Mae"), and Samuel I. White, P.C. ("SIWPC") (collectively the "Defendants") by and through counsel, pursuant to the Federal Rules of Civil Procedure, provide the following for their Answer to Plaintiffs, Velma Townsend and Landon Townsend's ("Plaintiffs") Amended Complaint.

### Parties

1. The allegations of paragraph 1 are admitted upon information and belief.

2. The allegations of paragraph 2 are admitted.

3. The allegations of paragraph 3 are admitted.

4. The allegations of paragraph 4 are admitted.

### Facts

5. The allegations of paragraph 5 are denied as stated. By way of further information, the Plaintiffs were at one time owners of the Property described. They are no longer owners.

6. The Note and Deed of Trust referenced in paragraph 6 speak for themselves and no response is required. To the extent a response is required, the same are denied.

7. The document referenced in paragraph 7 and attached as Exhibit A to the Amended Complaint speaks for itself and no response is required. To the extent a response is required, the same is denied.

8. The document referenced in paragraph 8 and attached as Exhibit B to the Amended Complaint speaks for itself and no response is required. To the extent a response is required, the same is denied.

9. The document referenced in paragraph 9 speaks for itself and no response is required. To the extent a response is required, the same is denied.

### Count One – Breach of the Terms of the Note Deed of Trust – Action to Quiet Title and for Compensatory Damages

The Court dismissed Count One as to all Defendants (Breach of Note and Deed of Trust) pursuant to its Order dated February 12, 2013, [Dkt. No. 31]. The Defendants respond to the allegations of Count One to the extent they are incorporated to any Count not dismissed. Any allegations not specifically admitted are denied.

10. The document referenced in paragraph 10 speaks for itself and no response is required. To the extent a response is required, the same is denied.

11. The document referenced in paragraph 11 speaks for itself and no response is required. To the extent a response is required, the same is denied.

12. The document referenced in paragraph 12 speaks for itself and no response is required. To the extent a response is required, the same is denied.

13. The document referenced in paragraph 13 speaks for itself and no response is required. To the extent a response is required, the same is denied.

14. Paragraph 14 is comprised of 45 lines over 2 pages, fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure ("F.R.C.P.") in that it fails to provide a short and plain statement of the claims showing that the Plaintiff is entitled to relief. Further, paragraph 14 fails to allege specific facts to which the Defendants can form a response, but rather is a statement of Plaintiff's counsel's soliloquy as to the propriety of Virginia's non-judicial foreclosure practices and laws (which is included verbatim in virtually all complaints he files, without regard to facts or parties), and to which no response is required. The remainder of the allegations of paragraph 14 contain legal conclusions to which no response is required. To the extent a response is required, the same are denied. The documents referenced in paragraph 14 speaks for themselves and no response is required. To the extent a response is required, the same is denied.

15. The document referenced in paragraph 15 speaks for itself and no response is required. To the extent a response is required, the same is denied.

16. Paragraph 16 is comprised of 45 lines over 2 pages, fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure ("F.R.C.P.") in that it fails to provide a short and plain statement of the claims showing that the Plaintiff is entitled to relief. Further, paragraph 16 fails to allege specific facts to which the Defendants can form a response, but rather is a statement of Plaintiff's counsel's soliloquy as to the propriety of Virginia's non-judicial foreclosure practices and laws (which is included verbatim in virtually all complaints he files, without regard to facts or parties), and to which no response is required. The remainder of the allegations of paragraph 16 contain legal conclusions to which no response is required. To the extent a response is required, the same are denied. The documents referenced in paragraph 16 speaks for themselves and no response is required. To the extent a response is required, the same is denied.

17. The document referenced in paragraph 17 speaks for itself and no response is required. To the extent a response is required, the same is denied.

18. The allegations of paragraph 18 are denied as written. By way of further explanation, Wells Fargo properly appointed SIWPC as substitute trustee under the Deed of Trust.

19. It is admitted that SIWPC, in its fiduciary capacity under the Deed of Trust, was directed to conduct a foreclosure sale. The remaining allegations of paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

20. The allegations of paragraph 20 are denied as written. By way of further explanation, it is admitted that SIWPC, as properly appointed substitute trustee under the Deed of Trust and acting as a fiduciary to both lender and borrower, properly advertised the subject property for foreclosure.

21. The allegations of paragraph 21 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

22. Paragraph 22 denied as written. By way of further explanation, it is admitted that SIWPC, in its fiduciary capacity and as the appointed substitute trustee under the Deed of Trust, properly conducted a foreclosure sale for the property. It is admitted that Wells Fargo was the winning bidder at the foreclosure sale.

23. The allegations of paragraph 23 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

24. The allegations of paragraph 24 are denied as written. It further contains legal conclusions to which no response is required. To the extent a response is required, the same are denied.

25. The allegations of paragraph 25 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

26. The allegations of paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

27. The allegations of paragraph 27 are denied as written. It is admitted that the property was conveyed to Fannie Mae subsequent to the foreclosure sale.

28. The document referenced in paragraph 28 speaks for itself. To the extent a response is required, the same are denied.

29. The document referenced in paragraph 29 speaks for itself. To the extent a response is required, the same are denied.

30. The allegations of paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

31. The allegations of paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

32. The allegations of paragraph 32 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

33. The allegations of paragraph 33 include a characterization of the nature of and status of the eviction action to which no response is required. To the extent a response is required, the same are denied.

34. The allegations of paragraph 34 state legal conclusions to which no response is required. The Defendants further deny that the Plaintiffs suffered any of the damage alleged in paragraph 34. To the extent a response is required, the same are denied.

35. The allegations of paragraph 35 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

36. The allegations of paragraph 36 state legal conclusions to which no response is required. Defendants specifically deny that Plaintiff is entitled to any relief demanded in paragraph 36. To the extent a further response is required, the same are denied.

**Count Two – Violation of the Deed of Trust Incorporating the Fair Debt Collection Practices Act- Action to Quiet Title and for Compensatory Damages**

The Court dismissed Count Two as to all Defendants (paragraphs 1 – 36 and 37 –53 of the Amended Complaint) pursuant to its Order dated February 12, 2013, [Dkt. No. 31]. The Defendants respond to the allegations of Count Two to the extent they are not dismissed. Any allegations not specifically admitted are denied.

37. The Defendants repeat their responses to the allegations of paragraphs 1 – 36 as if the same is set forth fully herein.

38. The document referenced in paragraph 38 speaks for itself. To the extent a response is required, the same are denied.

39. The document referenced in paragraph 39 speaks for itself. To the extent a response is required, the same are denied.

40. The document referenced in paragraph 40 speaks for itself. To the extent a response is required, the same are denied.

41. The document referenced in paragraph 41 speaks for itself. To the extent a response is required, the same are denied.

42. The document referenced in paragraph 42 speaks for itself. To the extent a response is required, the same are denied.

43. The allegations of paragraph 43 are denied.

44. The allegations of paragraph 44 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

45. The allegations of paragraph 45 are denied as stated.

46. The allegations of paragraph 46 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

47. The allegations of paragraph 47 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

48. The allegations of paragraph 48 state legal conclusions to which no response is required. To the extent a response is required, the same are denied

49. The allegations of paragraph 49 are denied as stated.

50. The allegations of paragraph 50 state legal conclusions to which no response is required. The Defendants further deny that the Plaintiffs suffered any of the damage alleged in paragraph 34. To the extent a response is required, the same are denied.

51. The allegations of paragraph 51 state legal conclusions to which no response is required. The Defendants further deny that the Plaintiffs suffered any of the damage alleged in paragraph 41. To the extent a response is required, the same are denied.

52. The allegations of paragraph 52 state legal conclusions to which no response is required.

53. The allegations of paragraph 53 state legal conclusions to which no response is required. The Defendants further deny that the Plaintiffs suffered any of the damage alleged in paragraph 53. To the extent a response is required, the same are denied.

### Count Three – Breach of Fair Debt Collection Practices Act-
### Action to Quiet Title and for Compensatory Damages

The Court dismissed Count Three as to Wells Fargo and Fannie Mae pursuant to its Order dated February 12, 2013, [Dkt. No. 31]. The Defendants respond to the allegations of Count Two to the extent they are not dismissed against SIWPC. Any allegations not specifically admitted are denied.

54 The Defendants repeat their responses to the allegations of paragraphs 1 – 53 as if the same is set forth fully herein.

55. The allegations of paragraph 55 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

56. The allegations of paragraph 56 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

57. The allegations of paragraph 57 state legal conclusions to which no response is required. To the extent a response is required, the same are denied. The Defendants further deny that the Plaintiffs suffered any of the damage alleged in paragraph 34. To the extent a response is required, the same are denied.

58. The allegations of paragraph 58 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

59. The allegations of paragraph 59 state legal conclusions to which no response is required. To the extent a response is required, the same are denied. The Defendants further deny

that the Plaintiffs are entitled to any of the relief sought. To the extent a response is required, the same is denied.

60. The allegations of paragraph 60 state legal conclusions to which no response is required. The Defendants deny that the Plaintiffs are entitled to the relief sought. Any documents referenced in paragraph 60 speak for themselves and no response is required. To the extent a further response is required, the same is denied.

## Applicable to All Counts

61. The allegations of paragraph 61 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

62. The allegations of paragraph 62 state legal conclusions to which no response is required. To the extent a response is required, the same are denied.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs' claim for any FCRA violation is barred for the reasons set forth in Defendants' Motion to Dismiss (Dkt. No. 17), Memorandum in Support (Dkt. No. 18), and Rebuttal Memorandum in Support (Dkt. No. 27), which are specifically incorporated herein by reference.

### Second Defense

Defendants have, at all times relevant to this action, complied with all applicable laws and regulations governing the conduct of its business.

### Third Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and herby reserves its right to amend the Answer and assert such defenses.

**Fourth Defense**

The Plaintiffs are barred by the doctrine of estoppel.

**WHEREFORE**, Defendants respectfully request that the Court:

A. Enter judgment in Defendants' favor on all counts of the Complaint;

B. Dismiss the Amended Complaint with prejudice;

C. Grant Defendants their costs and expenses, including attorneys fees, incurred in this action; and

D. Grant such other and further relief as the Court deems just and proper.

**WELLS FARGO BANK, N.A.,
FEDERAL NATIONAL MORTGAGE ASSOC.
and SAMUEL I. WHITE, P.C.**

  /s/   Terry C. Frank
         Of Counsel

Hunter W. Sims, Jr., Esquire (VSB No. 09218)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia  23510
Phone:  (757) 624-3000
Fax:     (757) 624-3169
Email:  hwsims@kaufcan.com

Terry C. Frank (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219-4058
Phone:  (804) 771-5745
Fax:  (804) 771-5700
Email:  tcfrank@kaufcan.com

10

*Counsel for Defendants Wells Fargo Bank, N.A.,*
*Fannie Mae and SIWPC*

## CERTIFICATE OF SERVICE

I hereby certify that on this March 7, 2013, a true copy of the foregoing *Answer and Affirmative Defenses* is being filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> Henry W. McLaughlin, Esq.
> Drew D. Sarrett, Esq.
> The Law Office of Henry McLaughlin, P.C.
> Eighth and Main Building
> 707 East Main Street, Ste. 1375
> Richmond, VA 23219
> *Counsel for Dale V. Matanic*

        /s/ Terry C. Frank
Terry C. Frank, Esquire (VSB # 74890)
Kaufman & Canoles, P.C.
1021 E. Cary Street, Suite 1400
Richmond, Virginia 23219
Phone: 804/771-5700
Fax: 804/771-5777
E-mail: tcfrank@kaufcan.com

12253037