IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| VELMA TOWNSEND, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No.: 3:12cv0045 |
| ) | |
| FEDERAL NATIONAL MORTGAGE ) | |
| ASSOCIATION, *et al.*, ) | |
| ) | |
| Defendants. | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO CERTIFY JUDGMENT AS FINAL AS IT PERTAINS TO WELLS
FARGO BANK, N.A. AND FEDERAL NATIONAL MORTGAGE ASSOCIATION**

Defendants, Wells Fargo Bank, N.A. ("Wells Fargo"), Federal National Mortgage Association ("Fannie Mae") (collectively the "Defendants") by and through counsel, and in support of their Motion to Certify Judgment as to Wells Fargo and Fannie as a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("FRCP"), state as follows:

**I. PROCEDURAL HISTORY and SUMMARY OF CLAIMS**

The Plaintiffs commenced this action with the filing of a Complaint against Wells Fargo, Fannie Mae and Samuel I. White, P.C. ("SIWPC") in the Fluvanna County Circuit Court ("State Court"), Case No. CL12-120 on July 3, 2012, stemming from what the Plaintiffs perceived to be an unlawful foreclosure of property located at 4514 West River Road, Scottsville, Virginia (the "Property"). SIWPC, acting as Trustee for Wells Fargo, conducted a foreclosure sale on November 10, 2011. (Am. Compl. ¶ 22.) Well Fargo made the highest bid at the foreclosure sale (id.), and subsequently assigned its interest in the Property to Fannie Mae, who guaranteed the Plaintiffs' loan (id. at ¶ 27).

1

Fannie Mae commenced an unlawful detainer action against the Plaintiffs on February 27, 2012 in the Fluvanna County General District Court to obtain possession of the Property. (Id. at ¶ 33). The General District Court entered an order awarding Fannie Mae possession of the Property on March 12, 2012, to which the Plaintiffs timely appealed to the State Court (Case No. CL12-61). (Id.) To resolve the unlawful detainer appeal, the parties signed an Agreed Order, entered in the State Court on August 3, 2012 which award possession of the Property subject to the following conditions:

1. The Plaintiffs are required to pay $1,000.00 per month beginning August 5, 2012, payable to the Office of the Clerk of the Fluvanna Circuit Court;

2. Fannie Mae agrees not to seek a writ of possession until Case No. CL12-120 is finally resolved, including a final order of the Court if no appeal is timely perfected, and or any final decision on appeal;

3. If the Plaintiffs fail to pay the $1,000.00 by the 5th of each month, including during any appeal period, the stay preventing Fannie Mae from seeking a writ of possession is immediately dissolved without further action from the Court;

4. If the Plaintiffs prevail in this case, Fannie Mae will not seek a writ of possession and the Court shall return all payments to the Plaintiffs; and

5. If the Plaintiffs do not prevail in this case, Fannie Mae is entitled to seek a writ of possession and the Plaintiffs forfeit the funds paid into the Fluvanna Circuit Court.

On August 29, 2012, the Defendants timely removed the State Court case to this Court. The Defendants filed their motion to dismiss the original Complaint and accompanying memorandum in September 5, 2012 [Dkt. No. 5, 6]. The Plaintiffs filed an Amended Complaint on September 26, 2012 [Dkt. No. 14], which included three counts and a demand to quiet title. Count I was a breach of contract claim for Wells Fargo's alleged breach of the Note and Deed of Trust. Plaintiffs' Counts II and III both stem from alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Count II alleged a breach of the Deed of Trust incorporating the FDCPA. The Plaintiffs' Count III alleged a violation of the FDCPA. The Plaintiffs seek to quiet title to the Property in each of the three Counts.

The Defendants again moved to dismiss the Plaintiffs' claims. After the parties fully briefed the issues raised in the Defendants' Motion to Dismiss [Dkt. No. 17, 18, 24, 27], the Court heard oral arguments on December 10, 2012. The Court dismissed Count I and II and the quiet title claim as to all Defendants [Dkt. No. 30], and Count III as to Fannie Mae and Wells Fargo. The sole count remaining is Count III – violation of the FDCPA – against SIWPC.

**II.  ARGUMENT**

The Court should certify its Order on the Defendants' Motion to Dismiss the Amended Complaint as a final judgment as to Wells Fargo and Fannie Mae.

**A.  Rule 54(b) standard**

Rule 54(b) – Judgment on Multiple Claims or Involving Multiple Parties – provides in part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  F.R.C.P. Rule 54(b), West (2011).

3

**B.      The Court's rulings as to Wells Fargo and Fannie Mae are final.**

The Court should certify that its ruling on the Defendants' Motion to Dismiss (the Amended Complaint) is final as it pertains to Wells Fargo and Fannie Mae. The Supreme Court, in Sears, Roebuck & Co. v. Mackey (351 U.S. 427, 76 S. Ct. 895 (1956)), outlined the steps to be followed in deciding whether to direct entry of a judgment to less than all of the claims in a particular case. First, a "district court must first determine that it is dealing with a 'final judgment' … in the sense that it is 'an ultimate disposition of an individual claim entered in the course of multiple claims actions.'" Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7, 100 S. Ct. 1460, 1465 (1980)(quoting Sears, 351 U.S. at 436, 76 S. Ct. at 900)). In other words, "a judgment is final when it ends litigation on the merits and leaves nothing for the court to do but execute the judgment." WIAV Solutions, LLC WiAV v. Motorola, Inc., Case No. 3:09cv447, 2010 WL 883748 *1 (E.D.Va., Mar. 9, 2010)(citing W&L Gore & Assoc. v. Int'l Med. Prosthetics Research Assoc., Inc., 975 F.2d 858, 863 (Fed. Cir. 1992)(internal quotations omitted)).

The Plaintiffs Amended Complaint includes three counts and a demand to quiet title. The Court dismissed all claims against Fannie Mae and Wells Fargo. The sole count remaining is Count III – violation of the FDCPA – against SIWPC. There is no action left to be taken by the Plaintiffs towards Wells Fargo and Fannie Mae, and therefore the Court should enter a final judgment as to both.

**C.      No good cause justifies delaying a final judgment as to Wells Fargo and Fannie Mae.**

The remaining claims against SIWPC are distinct from the claims already dismissed against Wells Fargo and Fannie Mae; and there is no chance an appellate court would have to review the same issues twice on subsequent appeals. Having determined a judgment is "final,"

the district court should then decide if there is any "just cause" for delay. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. at 7, 100 S. Ct. at 1465(quoting Sears, 351 U.S. at 436, 76 S. Ct. at 900)); see also Virginia Panel Corp. v. Mac Panel Co., 887 F.Supp. 880, 883 (W.D.Va. 1995). "The district court must exercise its discretion in the interest of sound judicial administration." WIAV Solutions, 2010 WL 883748 *2 (citing Sears, 351 U.S. at 437, 76 S. Ct. 903)). Factors a court should consider are:

> (1) whether the claims are separate from those remaining to be adjudicated; and (2) whether the nature of the claims already determined are such that an appellate court would not have to decide the same issue more than once even if subsequent appeals are taken." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. at 8, 100 S. Ct. at 1466.

The Court should grant the Defendants' Motion because the claims already dismissed against Wells Fargo and Fannie Mae are entirely separate from the remaining claim against SIWPC. In their breach of contract and quiet title claims, the Plaintiffs sought damages that would "undo" the foreclosure sale, and the Court dismissed those claims. The only remaining count, against SIWPC for alleged violations of the FDCPA, carries statutory damages of $1,000.00 per violation and attorneys' fees. Regardless of whether the Plaintiffs prevail on their FDCPA claim against SIWPC, under no set of facts will the foreclosure sale be rescinded or will they remain in possession of the property. Assuming that appeals are taken both for the Court's dismissal of the claims against Wells Fargo and Fannie Mae and whatever judgment is rendered on the FDCPA claim, the Fourth Circuit would not have to decide the same issues twice.

### D. Equity demands that the judgment in favor of Wells Fargo and Fannie Mae be declared final.

The Court should certify its judgment as to Wells Fargo and Fannie Mae because to require both of these Defendants to wait until the conclusion of the Plaintiffs' case against SIWPC would continue to prejudice Wells Fargo and Fannie Mae. As a threshold matter, the

Plaintiffs' last made a mortgage payment over two years ago. Prior to this lawsuit, they entered into several loan modification plans, at greatly reduced interest rates, which they were unable to honor. They also chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Western District of Virginia, during which time Wells Fargo worked with them again to modify the terms of their mortgage loan. The Plaintiffs defaulted on their loan again while in chapter 13, and ultimately the foreclosure sale took place on November 10, 2011. Fannie Mae (who backed the loan and became the record title holder after the foreclosure sale) was awarded a judgment for possession on March 12, 2012. It was only after that did the Plaintiffs commence this lawsuit. The only way for Fannie Mae to move forward with obtaining possession of the Property is to have the Court's order on the motion to dismiss declared a final judgment, without waiting for a judgment at trial on the sole remaining count against SIWPC.

### III. CONCLUSION

For the reasons stated above, the Court grant the Defendants' Motion to Certify Judgment as to Wells Fargo and Fannie Mae as final judgment pursuant to Rule 54(b).

WHEREFORE, Defendants respectfully requests that the Court enter an order: (1) granting their Motion and (2) awarding such further and other relief as this Court deems appropriate.

**FEDERAL NATIONAL MORTGAGE ASSOC.,
WELLS FARGO BANK, N.A.
and SAMUEL I. WHITE, P.C.**

/s/   Terry C. Frank
Of Counsel

Hunter W. Sims, Jr., Esquire (VSB No. 09218)
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Phone: (757) 624-3000
Fax: (757) 624-3169
Email: hwsims@kaufcan.com

Terry C. Frank (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219-4058
Phone: (804) 771-5745
Fax: (804) 771-5700
Email: tcfrank@kaufcan.com
*Counsel for Defendants Fannie Mae,
Wells Fargo and SIWPC*

## CERTIFICATE OF SERVICE

I hereby certify that on this October 10, 2012, a true copy of the foregoing is being filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Henry W. McLaughlin, Esq.
>Drew D. Sarrett, Esq.
>The Law Office of Henry McLaughlin, P.C.
>Eighth and Main Building
>707 East Main Street, Ste. 1375
>Richmond, VA 23219
>*Counsel for Plaintiffs*

        /s/ Terry C. Frank
Terry C. Frank (VSB No. 74890)
KAUFMAN & CANOLES, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, VA 23219-4058
Phone: (804) 771-5745
Fax: (804) 771-5700
Email: tcfrank@kaufcan.com

*11977326*