IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division
255 West Main Street
Charlottesville, Virginia 22902

**VELMA TOWNSEND**
**LANDON TOWNSEND,**

                Plaintiffs,

v.                                                           Case No. 3:12-cv-0045

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION, et als.,**

                Defendants.

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL**
**SUMMARY JUDGMENT PURSUANT TO RULE 54(B)**

Pursuant to Rule 54 (B) of the Federal Rules of Civil Procedure, plaintiffs, Velma Townsend and Landon Townsend (collectively, "the Townsends") set forth the following in support of their motion for partial summary judgment:

**FACTS**

Accompanying this memorandum are declarations by the plaintiffs: a declaration by Velma O. Townsend (as "Exhibit 1" to this memorandum) and a declaration by Landon G. Townsend (as "Exhibit 2" to this memorandum). For purposes of this motion for partial summary judgment, the Townsends rely on facts (a) admitted in the answer by Samuel I. White, P.C. ("White") to the amended complaint; (b) Exhibit 1 to this memorandum, and (c) Exhibit 2 to this memorandum. Those facts, as relevant to the Townsends' motion for partial summary judgment, are as follows:

1

Until November 10, 2011, the Townsends were undisputed owners of the home located at 4514 West River Road, Scottsville, Virginia 24590 ("the home"). (Exh. 1, ¶ 2; Exh. 2, ¶ 2.

On May 17, 2007, the Townsends entered into a mortgage loan evidenced by a note ("the note"), secured by a deed of trust ("the deed of trust") which was a lien on the home. Exh. 1, ¶ 3, 4, 5, Exhibit A(copy of the note) and Exhibit B (copy of the deed of trust) to Exh. 1.

White mailed to the Townsends a document dated October 5, 2011 (a Wednesday) which was titled "Notice Required by the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692, et seq." (Exhibit C to Exh. 1; ¶7 to Exh. 2)

Landon Townsend first received Exhibit C to Exh 1 on Monday, October 10, 2011. Velma Townsend also first received Exhibit C to Exh. 1 on October 10, 2011.

Later in October 2011 the Townsends received a notice from White for foreclosure of the home on November 10, 2011. (Exh. 1, ¶ 11). Subsequently, they retained the Law Office of Michael W. Lanier ("the Lanier Law Office") to represent them. (Exh. 1, ¶ 13).

As counsel for the Townsends, the Lanier Law Office on November 9, 2011 sent a letter to White and to Wells Fargo, N.A. titled "RESPA QUALIFIED WRITTEN REQUEST, TILA REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER." ("the debt dispute letter") (Exh. 1, ¶ 16, Exhibit D)

The debt dispute letter stated, inter alia, "…absent the actual certified evidence of the security and the alleged loan, we have no choice but to dispute the validity of ….

…. The current debt you allege that we owe."[1]  (Id)

The debt dispute letter further stated,

---

[1] The entire sentence stated, "As we are sure you know, absent the actual certified evidence of the security and the alleged loan, we have no choice but to dispute the validity of your lawful ownership, funding, entitlement rights, and the current debt that you allege that we owe."

2

<mark>
</mark>
<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

<mark>
</mark>

"It is our belief at this time that this is not a valid debt and, therefore, it is disputed and this RESPA REQUEST also serves as your notice of our dispute of this "debt." (Id.)

The internal records of White showed that White received the debt dispute letter on November 9, 2011 at 2:06 p.m. (Exh. 1, ¶ 16, Exhibit E)

The said internal records of White also demonstrate that a debt verification letter was drafted to a lawyer in White's office at noon on November 10, 2011 (the same time as the foreclosure sale) for such lawyer's review. Id.

Some time later, a letter dated November 10, 2011 was sent to the Lanier Law Firm. (Exh. 1, ¶ 16, Exhibit F)

The foreclosure was conducted on November 10, 2011. (Exh. 1, ¶ 15).

## STANDARD OF REVIEW

Summary judgment is appropriate only where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1989). The court is required to view the evidence in the light most favorable to the summary judgment opponent, and to draw all permissible inferences in favor of that party. *See Anderson*, 477 U.S. at 255. In short, the evidence of the nonmovant is to be believed. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The court's function is not to resolve disputed issues of fact but only to determine whether there is a genuine issue of material fact to be tried. *Anderson*, 477 U.S. at 255. Credibility assessments, choices between conflicting versions of events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment. *Id.*

A party seeking summary judgment always bears the initial burden of establishing the basis for its motion by identifying the portions of the pleadings, the discovery and disclosure materials on file, and any affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates the absence of a genuine issue of material fact, then the nonmoving party must rebut the factual deficiency with evidence. Nevertheless, trial courts should act with caution in granting summary judgment, and may deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial. *Id.* at 255 (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)).

## ARGUMENT

1. **White Received a Debt Dispute Letter Within 30 days of the Townsends' Receipt of the Fair Debt Collection Practices Act Notice, Yet Went Forward with Foreclosure Before Responding to that Debt Dispute. White Thereby Violated the Fair Debt Collection Act.**

As set forth in the statement of facts, White sent a Fair Debt Collection Practices Act Notice in October 2011 which the Townsends did not receive until October 10, 2011. On November 9, 2011, within 30 days of such receipt, a law firm on their behalf sent a document to White which included a debt dispute of the said notice. White received that debt dispute on November 9, 2011.

The foreclosure was noticed for noon on November 10, 2011 and was conducted on November 10, 2011. In order to be legal, the foreclosure had to have been conducted at noon on that date. As of noon on November 10, 2011, staff at White had sent to a lawyer at White a draft for a response to the debt dispute, which White's lawyer mailed to the law firm representing the Townsends. Because the debt dispute response was only sent to the lawyer for review at noon on

4

November 10, 2011, it follows that the debt dispute response could not have been signed and mailed until some time later after the foreclosure had taken place.[2] It followed that White conducted the foreclosure before responding to the debt dispute.

White is a debt collector and is not exempted by the FDCPA. In *Wilson v. Draper & Goldberg*, 443 F. 3d 373 (4th Cir. 2006), the Fourth Circuit held that a substitute trustee acting to foreclose on a deed of trust was a debt collector under the terms of the FDCPA. (See the memorandum opinion of this Court dated February 12, 2013 denying to dismiss the Fair Debt Collection Act claim against White (Count Three of the Townsends' amended complaint). (pages 11-13).

White was required to respond to the debt dispute if that dispute was sent within 30 days of the Townsends' receipt of the Fair Debt Collection Act Notice. Because the debt dispute was sent to White and received by White within 30 days of the Townsends' receipt of the Fair Debt Collection Act Notice, White was bound by the Fair Debt Collection Practices Act to stay collection, and therefore to stay foreclosure until after responding to the debt dispute. (See the Memorandum Opinion of this Court of February 12, 2013, pages 14-17).

Because White breached the Fair Debt Collection Practices Act, 15 U.S.C. Sections 1692-192p, the Townsends submit they are entitled to a partial summary judgment against White on the issue of liability. The Townsends ask the Court to enter partial summary judgment on that basis, with the issue of damages to be decided at trial.

                                              Respectfully submitted,

                                              **VELMA TOWNSEND**
                                              **LANDON TOWNSEND**

---

[2] The response to the debt dispute was dated November 10, 2011, the same day as the foreclosure.

5

By /s/ Henry W. McLaughlin<br>Counsel

Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1375
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Velma Townsend*
*and Landon Townsend*

## CERTIFICATE

I, Henry W. McLaughlin, counsel for Velma Townsend and Landon Townsend, certify that on August 30, 2013, the foregoing will be filed electronically with the ECF filing System of the U.S. District Court for the Western District of Virginia, Charlottesville Division, which will electronically notify the following of the same:

> Hunter W. Sims, Jr., Esquire
> Kaufman & Canoles, P.C.
> 150 West Main Street, Suite 2100
> Norfolk, Virginia 23510
> hwsims@kaufcan.com
>
> Terry C. Frank, Esquire
> Kaufman & Canoles, P.C.
> Two James Center
> 1021 East Cary Street, Suite 1400
> Richmond, Virginia 23219
>
> tcfrank@kaufcan.com

/s/ Henry W. McLaughlin<br>Counsel

6

Case 3:12-cv-00045-NKM-RSB   Document 40   Filed 08/30/13   Page 6 of 6   Pageid#: 487