IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division
255 West Main Street
Charlottesville, Virginia 22902

**VELMA TOWNSEND**
**LANDON TOWNSEND,**

                Plaintiffs,

v.                                                                         Case No. 3:12-cv-0045

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION, et als.,**

                Defendants.

### REPLY TO MEMORANDUM IN OPPOSITION TO MOTION
### FOR PARTIAL SUMMARY JUDGMENT PURSUANT TO RULE 54(B)

Plaintiffs Velma Townsend and Landon Townsend (collectively, "the Townsends") set forth the following in reply to the memorandum by Samuel I. White, P.C. in opposition to the Townsends' motion for partial summary judgment:

**1. The Argument by Samuel I. White, P.C. that the Second Validation Notice was a Mere Courtesy Notice Is Without Merit**

Samuel I. White, P.C. contends that the debt validation notice at issue in this case was a mere courtesy and did not implicate any breach of the federal Fair Debt Collection Act where Samuel I. White, P.C. did not cease collection action on receipt of a debt dispute because it had sent a prior debt validation notice that had expired without a debt dispute.

This argument flies in the face of a basic purpose of the Fair Debt Collection Act, to provide for clear information to debtors about debt collection. The letter in question said

1

unequivocally that if the Townsends sent a debt dispute within 30 days of receipt of the notice, collection action would cease.  In this case, Samuel I. White, P.C. argues, in effect, that that assurance was something as to which the Townsends had no right of reliance, that, rather, Samuel I. White, P.C. could send such an assurance and ignore it after receiving a timely debt dispute.

  **2. The Argument by Samuel I. White, P.C. that the Townsends "Received" the Debt Validation Notice On Arrival at Their Post Office Box Is Without Merit**

  Samuel I. White, P.C., in its memorandum in opposition to partial summary judgment, contended that the Townsends "received" the debt validation notice when it arrived at their post office box, rather than when Mr. Townsend first went into their post office box and removed the debt validation notice.   If that argument were valid, the Townsends claim would not be valid because Landon Townsend first took the notice out of the Townsends' post office box on October 10, 2011, a holiday, which means that it had to have arrived at their post office box on a prior date, more than 30 days before the November 9, 2011 debt dispute letter.

  This argument is inconsistent with the "unsophisticated consumer" standard applicable to the federal Fair Debt Collection Action.  An "unsophisticated consumer" on taking the debt validation notice from the consumer's post office box would naturally conclude that the consumer "received" the notice when first taking it from the post office box.  It would take a high degree of sophistication to conclude that the "receipt" of the notice was on its arrival at the post office box.  Further, whether a consumer is sophisticated or unsophisticated, if the consumer considered that the 30 days began to run from the arrival of the notice at the post office box, the consumer would not know when the 30 days expired, because the consumer would have no way of knowing whether a notice

2

mailed on Wednesday, October 5, 2011 first arrived at the post office box on Thursday, October 6, 2011, Friday, October 7, 2011, or Saturday, October 8, 2011. The argument made by Samuel I. White, P.C. in this case would leave a consumer unsure when the 30 day deadline began to run.

## CONCLUSION

For the reasons set forth in their original memorandum in support of their motion for partial summary judgment and in this reply, the Townsends pray that the Court grant their motion for partial summary judgment.

Respectfully submitted,

**VELMA TOWNSEND**
**LANDON TOWNSEND**

  /s/ Henry W. McLaughlin
Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1050
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
henry@mclaughlinvalaw.com
*Counsel for Velma Townsend*
*and Landon Townsend*

## CERTIFICATE

I, Henry W. McLaughlin, counsel for Velma Townsend and Landon Townsend, certify that on October 3, 2013, the foregoing will be filed electronically with the ECF filing System of the U.S. District Court for the Western District of Virginia, Charlottesville Division, which will electronically notify the following of the same:

Hunter W. Sims, Jr., Esquire
Kaufman & Canoles, P.C.

150 West Main Street, Suite 2100
Norfolk, Virginia 23510
hwsims@kaufcan.com

Terry C. Frank, Esquire
Kaufman & Canoles, P.C.
Two James Center
1021 East Cary Street, Suite 1400
Richmond, Virginia 23219
tcfrank@kaufcan.com

<u>/s/ Henry W. McLaughlin</u>
  Counsel